**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

TIMOTHY NATHANIEL SMITH,

Petitioner,

v. Civil Action No. 3:11CV06

COMMONWEALTH OF VIRGINIA,

Respondent.

**MEMORANDUM OPINION**

Petitioner, Timothy Nathaniel Smith, a Virginia inmate proceeding pro se and in forma pauperis, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent has moved to dismiss on the grounds that the § 2254 Petition is barred by the statute of limitations applicable to § 2254 petitions. (Docket No. 12.) Smith has not replied.

## I. PROCEDURAL HISTORY

In the Circuit Court for the County of Prince George, Virginia ("Circuit Court"), a jury convicted Smith of burglary, use of a firearm in commission of a robbery, and possession of a firearm by a convicted felon. Commonwealth v. Smith, No. CR07000115-00 (Va. Cir. Ct. Dec. 16, 2008). On June 8, 2009 the Circuit Court entered final judgment wherein it sentenced Smith to twenty-five years imprisonment. (State Ct. R. 140-41.)

On December 10, 2009, the Court of Appeals of Virginia denied Smith's petition for appeal. Smith v. Commonwealth, No. 1100-09-2 (Va. Ct. App. Dec. 10, 2009). Smith did not pursue an appeal in the Supreme Court of Virginia, nor does the record indicate that he filed a subsequent habeas petition in any Virginia state court.

On January 10, 2011, Smith filed, in this Court, an unsigned copy of the § 2254 Petition.[1] In his § 2254 Petition, Smith makes the following claims:

Claim 1 Counsel performed deficiently because he failed to obtain Smith's school records and use them to impeach the Commonwealth's witness. These records would show that the witness, who identified Smith by stating that she knew him from school, never went to school with Smith.

Claim 2 Counsel rendered ineffective assistance when he failed to obtain a separate trial for Smith on the charge of possession of a firearm by a convicted felon.

(§ 2254 Pet. 6-8.)

[1] Normally, courts deem a § 2254 petition filed as of the date the petitioner swears he or she placed it in the prison mailing system. See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, however, Smith neither signed nor dated his original, handwritten § 2254 Petition. Thus, the § 2254 Petition's filing date is the date it was received by this Court. Smith submitted a signed copy of the § 2254 Petition on March 18, 2011.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Smith's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> **2**. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because the Court of Appeals of Virginia denied Smith's petition for appeal on December 10, 2009, his conviction became final for the purposes of the AEDPA on Monday, January 11, 2010. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5:14(a)[2] (2010). Smith then had one year, or until Tuesday, January 11, 2011, to file a § 2254 petition. See 28 U.S.C. § 2244(d)(1). Smith filed the § 2254 Petition on January 10, 2011, before the one-year period expired. Nevertheless, Respondent suggests that the § 2254 Petition is untimely because Smith failed to sign the January 10, 2011 § 2254 Petition. However, a § 2254 petition is "considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of

---

[2] This rule requires appellants to file a notice of appeal within thirty days after the entry of the judgment in the Court of Appeals of Virginia. Va. Sup. Ct. R. 5:14(a).

limitations, even if it does not comply with Rule 2 of the Rules Governing Section 2254 Cases[[3]] or it lacks the requisite filing fee or in forma pauperis form." Dean v. Johnson, No. 2:07cv320, 2007 WL 4232732, at *2 n.8 (E.D. Va. Nov. 27, 2007) (citing rules and cases). Thus, Respondent's request to dismiss the § 2254 Petition as barred by the statute of limitations is denied.

**B. Non-exhaustion**

Respondent also suggests that the Court should dismiss the action for lack of exhaustion. Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in the congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks

[3] Rule 2 of the Rules Governing Section 2254 Cases requires, inter alia, that petitioners sign their § 2254 petitions under penalty of perjury. Rules Governing § 2254 Cases R. 2(c)(5).

omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he or she can apply for federal habeas relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has exhausted all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995)).

Smith never presented either of the claims stated in the § 2254 Petition to the Supreme Court of Virginia. The Commonwealth of Virginia, therefore, has not been given "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard, 404 U.S. at 275 (internal quotation marks omitted). Thus, Smith has failed to

exhaust his state court remedies. However, as explained supra Part II(C), dismissal without prejudice for lack of exhaustion is not appropriate because Virginia's statute of limitations for habeas petitions now bars Smith from bringing these claims in state court. See Va. Code Ann. § 8.01-654(A)(2). Under these circumstances, even though Smith's claims have not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Accordingly, Respondent's Motion to Dismiss (Docket No. 12) will be denied.

**C. Procedural Default**

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'"

Id. (quoting Coleman, 501 U.S. at 735 n.1). The burden of pleading and proving that a claim is procedurally defaulted rests with the state. Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

Respondent does not raise the affirmative defense of procedural default. This Court, however, may sua sponte raise the issue of procedural default where it would significantly advance judicial efficiency. Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999); Trisler v. Mahon, 3:09cv00167, 2010 WL 772811, at *3 (E.D. Va. Mar. 3, 2010). That is the case here.

If Smith attempted to return to state court to raise his present claims, they would be barred by Virginia Code § 8.01-654(A)(2), the statute of limitations for state habeas petitions.[4] Virginia Code § 8.01-654(A)(2) states, in pertinent part, that:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

[4] This statute of limitations is an adequate and independent state procedural rule. Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006).

Va. Code Ann. § 8.01-654(A)(2) (West 2011). Smith failed to file a petition for a writ of habeas corpus in any state court, and Virginia Code § 8.01-654(A)(2) now bars him from filing such a petition at this late date.[5] Thus, Smith's claims are procedurally defaulted.

**D. Obtaining Review Despite Default**

This Court may review a petitioner's procedurally defaulted claims if the petitioner establishes either cause and prejudice or actual innocence. Breard, 134 F.3d at 620. "Cause" in this context means an "objective factor external to the defense" sufficient to thwart an actual attempt to correctly file the claims in state court. McNeill v. Polk, 476 F.3d 206, 214 (4th Cir. 2007) (citing Richmond v. Polk, 375 F.3d 309, 324 (4th Cir. 2004)). It is Smith's responsibility to assert cause and prejudice and/or actual innocence. See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000). Smith has yet to address either.

---

[5] The Circuit Court entered final judgment in Smith's case on June 8, 2009. (State Ct. R. 140-41.) On December 10, 2009, the Court of Appeals of Virginia denied Smith's petition for appeal. Smith v. Commonwealth, No. 1100-09-2 (Va. Ct. App. Dec. 10, 2009). Thereafter, Smith had 30 days, or until Monday, January 11, 2010, to file a notice of appeal in the Supreme Court of Virginia. Va. Sup. Ct. R. 5:14 (West 2009). Accordingly, Smith had until Wednesday, June 8, 2011, the later of two years from the date of final judgment in the Circuit Court and one year from the time to continue his direct appeal expired, to file a state habeas petition. Va. Code Ann. § 8.01-654(A)(2).

**III. CONCLUSION**

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 12) will be denied. Smith will be ordered to show cause, within thirty (30) days of the entry hereof, why his claims should not be dismissed as procedurally defaulted. Smith is warned that failure to comply with this order will result in the dismissal of his § 2254 Petition. Fed R. Civ. P. 41(b).

The Clerk is directed to send a copy of the Memorandum Opinion to Smith and counsel for Respondent.

An appropriate Order shall issue.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 23, 2012