IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY NATHANIEL SMITH,

    Petitioner,

v.                                          Civil Action No. 3:11CV06

COMMONWEALTH OF VIRGINIA,

    Respondent.

**MEMORANDUM OPINION**

Petitioner, Timothy Nathaniel Smith, a Virginia inmate proceeding pro se and in forma pauperis, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition" (ECF No. 8).) In his § 2254 Petition, Smith makes the following claims:

    Claim 1    Counsel performed deficiently because he failed to obtain Smith's school records and use them to impeach the Commonwealth's witness. These records would show that the witness, who identified Smith by stating that she knew him from school, never went to school with Smith.

    Claim 2    Counsel rendered ineffective assistance when he failed to obtain a separate trial for Smith on the charge of possession of a firearm by a convicted felon.

(§ 2254 Pet. 6-8.) By Memorandum Opinion and Order entered on September 17, 2012, the Court denied Respondent's initial Motion to Dismiss and directed Respondent to file a response addressing the merits of Smith's claims. (ECF No. 19.) Respondent has

moved to dismiss on the grounds that Smith defaulted his claims[1] and that his claims lack merit. (Mem. Supp. Mot. Dismiss (ECF No. 22) 3, 5-9.) For the reasons that follow, the Court will dismiss Smith's claims as lacking in merit.

## I. PROCEDURAL HISTORY

In the Circuit Court for the County of Prince George, Virginia ("Circuit Court"), a jury convicted Smith of burglary, use of a firearm in commission of a robbery, and possession of a firearm by a convicted felon. Commonwealth v. Smith, No. CR07000115-00 (Va. Cir. Ct. Dec. 16, 2008). On June 8, 2009 the Circuit Court entered final judgment and sentenced Smith to twenty-five years imprisonment. (State Ct. R. 140-41.) On December 10, 2009, the Court of Appeals of Virginia denied Smith's petition for appeal. Smith v. Commonwealth, No. 1100-09-2 (Va. Ct. App. Dec. 10, 2009). Smith pursued no appeal in

---

[1] Respondent moves to dismiss on the ground that Smith's claims are unexhausted and defaulted because he never presented these claims to the Supreme Court of Virginia and that court would find them barred from review now. (Mem. Supp. Mot. Dismiss 2-4.) Respondent argues that Martinez v. Ryan, 132 S. Ct. 1309 (2012), fails to excuse the default in this instance because Smith never filed a state habeas petition. (Id. 3-4.) Despite the Court's belief that the claims are unexhausted and defaulted, in light of Martinez and Trevino v. Thaler, 113 S. Ct. 1911 (2013), and the evident lack of merit of the underlying claims, judicial economy dictates that the court address the merits Smith's claims. See Daniels v. Hinkle, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999)).

the Supreme Court of Virginia, nor does the record indicate that he filed a subsequent habeas petition in any Virginia state court.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The second component of Strickland, the prejudice component, requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim One, Smith faults counsel for failing to obtain Smith's school records to impeach a witness, Teobie Anderson, who testified that she might have known Smith from school. Smith claims that school records would demonstrate that Anderson never attended school with Smith. Counsel reasonably eschewed the fruitless impeachment tactic that Smith urges here. Anderson clearly knew that Smith was the individual who committed the robbery and burglary. How she knew Smith before the burglary has little impact on her unwaivering identification of Smith as the burglar. Anderson readily acknowledged that she was less than certain about when, and if, she attended school with Smith, but she was certain that she knew him.

Anderson testified that, during the burglary, when she and her two children were held at gunpoint by one of the burglars in her daughter's bedroom, the burglar's mask slipped, and

> it was a familiar face. I seen him at school, I seen him in the community, and it was so shocking to me I couldn't say nothing but the name that I knew him by. I was like "Boo-Boo, why would you do this with my kids here? Why you doing this in front of my kids?" And as soon as I said the name that I knew him by, he disappeared.

(Dec. 16, 2008 Tr. 55.) Anderson further testified that she and Smith were "in the same age bracket" and "Petersburg is a small city." (Id.) She explained that she knew him "in passing," knew his name, and had seen him as recently as a month before the burglary, but "never had any direct dealings with him."

4

(Id. at 55, 76.) When asked where she and Smith attended school together, Anderson explained that they "never had classes together, but . . . in junior high or high school it's more than one grade level . . . . And I think it had to be Peabody or Peabody Middle School." (Id. at 77.) Anderson readily acknowledged that she did not believe that Smith attended Peterburg High School with her. (Id. at 77, 79.) More importantly, Anderson testified that she had a clear view of Smith's face the night of the burglary because the light was on in her daughter's bedroom. (Id. at 56, 69, 74.) She identified Smith as the burglar in a photo-display in less than ten seconds and again in the courtroom. (Id. at 56-60.)

Because Smith demonstrates no deficiency of counsel in light of Anderson's unwaivering identification of Smith, Claim One will be dismissed.

In Claim Two, Smith faults counsel for failing to have Smith tried separately on the charge of possession of a firearm by a convicted felon. Smith claims that counsel "didn[']t get my posses[s]ion of a firearm after being convicted of a felony set aside so that the jury wouldn[']t hear it, even after I told him it would hurt me." (§ 2254 Pet. 7.) He claims that the "jury threw out the 2 robberies and gave me 25 years for the gun and B&E." (Id.) While he fails to expressly so to state, the

5

Court understands that Smith faults counsel for allowing the jury to hear that he was a convicted felon.

The Commonwealth put forth evidence of Smith's prior conviction of possession of cocaine in 1998. (Br. Supp. Mot. Dismiss. 8; Dec. 16, 2008 Tr. 108-09.) In light of the overwhelming evidence of showing that Smith was guilty of using of a firearm in the commission of a felony and the burglary, Smith demonstrates no prejudice from counsel's failure to request that Smith be tried separately on the possession of a firearm by a convicted felon. Smith and another individual broke into a house at night, pretending to be police, and subsequently held a family of two adults, a six-year-old child, and a baby, at gun point while demanding money. Anderson unequivocally identified Smith as one of the burglars and the individual who pointed a gun at her and her children. Thus, Smith fails to demonstrate that a reasonable probability exists of a different result at his trial if counsel had requested that Smith be tried separately on the felon in possession of a firearm count.

### III. CONCLUSION

For the foregoing reasons, Respondent's Second Motion to Dismiss (ECF No. 21) will be granted. Smith's § 2254 petition will be denied and the action dismissed. An appeal may not be

taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Smith fails to meet this standard. A certificate of appealability will therefore be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Smith and counsel for Respondent.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 10, 2013